HON. TANA LIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POPPARTIES LLC, a Michigan limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ZIXUANYIN, an individual,<br><br>Defendant. | CIVIL ACTION NO. 2:22-cv-00467-TL<br><br>[PROPOSED] **PERMANENT INJUNCTION ORDER AND FINAL JUDGMENT** |

BEFORE THE COURT is Plaintiff POPparties LLC's ("Pop Parties") and Defendant Zixuanyin's ("Defendant") Proposed Permanent Injunction Order and Final Judgment. Having considered the parties' submission, including the Complaint and Declaration of Gwynn Wasson, and being fully advised on this matter, the Court now enters this Permanent Injunction Order and Final Judgment based on the following facts set forth below, which are agreed to by the parties.

Each signatory to this Permanent Injunction Order and Final Judgment certifies that he or she is fully authorized, either individually or by the party or parties he or she represents, to stipulate to this Permanent Injunction Order and Final Judgment and to enter into and execute the Permanent Injunction Order and Final Judgment on behalf of the party or parties represented and legally bind

that party or parties. The undersigned have read, understand and agree to all of the terms and conditions of this Permanent Injunction Order and Final Judgment.

## I. FACTUAL BACKGROUND AND BASIS FOR PERMANENT INJUNCTION

Defendant marketed and sold through his Amazon store a bean bag toss game that included artwork substantially the same as Pop Parties' copyright-protected Dart War Party Products. The artwork is featured as the background image on the bean bag game pieces.

Defendant does not dispute that Pop Parties owns valid copyright registrations covering the works embodied in its Dart War Party Products. Defendant does not dispute that there is a substantial likelihood that Defendant's products infringe Pop Parties' copyrights.

By entering into this Permanent Injunction Order and Final Judgement, Defendant relies on the statements set forth in the Complaint and the Declaration of Gwynn Wasson. By entering into this Permanent Injunction Order and Final Judgement, Plaintiff relies on Defendant's representation that it will abide by the terms hereof. Defendant does not admit liability; rather, Defendant wishes to avoid the expense, uncertainty, inconvenience, and other burdens of litigating the above-entitled action, and hereby agrees to the settlement of this dispute by stipulating to the entry of this Permanent Injunction Order and Final Judgement.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of the parties under the Copyright Act, 17 U.S.C. § 101, *et seq*. The parties agree that they are subject to the Court's jurisdiction and that venue in this District is proper.

## III. FINDINGS OF FACT

The following facts are stipulated to by the parties and accepted by the Court:

**A.    Pop Parties' Products and Rights**

1.    Pop Parties manufactures, markets, and sells a variety of party and holiday banners, pennants, and supplies, including a line of Dart War Party Invitations and Dart War Birthday

Banner (collectively "Dart War Party Products") as set forth in the Complaint in this action. Pop Parties began marketing the Dart War Party Products in 2018. (Declaration of Gwynn Wasson in Support of Permanent Injunction Order and Final Judgment ("Wasson Decl.") ¶ 4.)

2. Pop Parties owns a federal copyright registration protecting the work embodied in the Dart War Party Invitations, Copyright Registration Number VA 2-123-251, which has an Effective Date of October 22, 2018. The copyright application for this registration contained a "deposit copy" of the work of authorship as follows:



(*Id*. ¶ 5.)

3. Pop Parties owns a federal copyright registration protecting the work embodied in the Dart War Birthday Banner, Copyright Registration Number VA 2-123-260, which has an Effective Date of October 22, 2018. The copyright application for this registration contained a "deposit copy" of the work as follows:

PERMANENT INJUNCTION ORDER AND
FINAL JUDGMENT 3



(*Id.* ¶ 6.)

4.  The Certificates of Registration associated with Numbers VA 2-123-251 and VA 2-123-260 (collectively the "Dart War Registrations") are *prima facie* evidence of the validity of Pop Parties' copyright in the works embodied in the Dart War Party Products and Pop Parties' ownership of those rights.  Defendant does not dispute that the registration is valid, subsisting, and owned by Pop Parties.

5.  Pop Parties markets its Dart War Party Products on Amazon, where they have sold well and drawn the attention of counterfeiters.  (Wasson Decl. ¶ 7.)

**B.   Defendant's Infringing Products**

6.  Defendant marketed and sold a bean bag toss game that included artwork substantially the same as the works of authorship covered by Pop Parties' Dart War Registrations as the background image on the bean bag game pieces.  (*See id.* ¶ 9.)  Defendant sold the infringing product through his Amazon store.  An image of the infringing product is reproduced below:



(*Id.* ¶ 9.)

7. The artwork embodied in Defendant's bean bag toss game depicted above is substantially the same as protected elements of Pop Parties' Copyright Registration Number VA 2-123-251.

8. The artwork embodied in Defendant's bean bag toss game depicted above is substantially the same as protected elements of Pop Parties' Copyright Registration Number VA 2-123-260.

9. Defendant has copied the artwork embodied in the Dart War Party Products to gain a position in the marketplace that he would not otherwise have. (*Id.* ¶ 10.)

10. Defendant has earned profits on his sales of the above-described infringing product. Likewise, Pop Parties has lost sales as a direct result of the sales of such infringing product by Defendant. (*Id.* ¶ 10.)

11. Pop Parties has not authorized or given permission for Defendant to copy, display, advertise, or sell in commerce the artwork embodied in the infringing bean bag toss game or any other works of art. (*Id.* ¶ 11.)

PERMANENT INJUNCTION ORDER AND
FINAL JUDGMENT 5

## IV.    CONCLUSIONS SUPPORTING THE ISSUANCE OF A PERMANENT INJUNCTION

12. Pop Parties has valid and subsisting copyrights in the Dart War Party Products.

13. Defendant's bean bag toss game copies protectable elements of Pop Parties' Dart War Registrations.

14. Defendant's public display and distribution of the bean bag toss game constitutes infringement of Pop Parties' exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Pop Parties is entitled to injunctive relief under 17 U.S.C. § 502.

16. As a result of Defendant's infringing conduct, Pop Parties has suffered irreparable harm in the form of lost profits and harm to its reputation. Defendant does not have sufficient funds to pay Pop Parties the damages associated with Defendant's infringement or statutory damages.

17. A permanent injunction is necessary to protect Pop Parties' interests in its copyrights and to prevent Defendant from marketing his bean bag toss game that infringes Pop Parties' copyright.

18. Without an injunction, Pop Parties would suffer continued lost sales as a direct result of the sales of infringing products by the Defendant.

19. The public interest favors granting an injunction that protects Pop Parties' rights in the Dart War Registrations.

20. There are no just reasons to delay entry of this permanent injunction. Pop Parties has met the factors for determining whether to issue a permanent injunction and the terms of the injunction set forth below are reasonable under these facts and circumstances.

## V.    ORDER

**IT IS HEREBY ORDERED** as follows:

**A.** Pursuant to the Parties' stipulation, judgment is hereby entered in favor of Pop Parties on its claims against Defendant with respect to the infringing bean bag toss game.

**B.** Each party has waived the right to appeal from this Permanent Injunction Order and Final Judgment, and each party will bear its own fees and costs in connection with this action. Pop Parties hereby relinquishes claims for monetary relief it may have against Defendant based on the conduct described in Section III.B. herein.

**C.** Pursuant to Fed. R. Civ. P. 65 and 17 U.S.C. § 502, Defendant and his agents, servants and employees, and all persons in active concert or participation with him are hereby permanently enjoined from:

1. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, displaying, advertising or promoting the bean bag toss game sold by Defendant through his Amazon store;

2. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, displaying, advertising or promoting any products that have a design that is substantially similar to Pop Parties' Dart War Products as reflected in the copyrighted works registered under Registration Numbers VA 2-123-251 and VA 2-123-260;

3. Filing an application with the U.S. Copyright Office to register a copyright in any work that is substantially similar to Pop Parties' Dart War Products;

4. Assisting, aiding, or abetting any person or entity engaging in or performing any act prohibited by paragraphs C (1)-(3) of this Order.

**D.** Within ten (10) days after this Court enters this Permanent Injunction Order and Final Judgment, Defendant shall (at Pop Parties' election) destroy or surrender to Pop Parties for destruction Defendant's remaining inventory of the bean bag toss game.

**E.** Within ten (10) days after this Court enters this Permanent Injunction Order and Final Judgment, Defendant shall disclose to Pop Parties (either in a sworn declaration or through

a deposition at Pop Parties' election) information sufficient to identify: (1) Defendant's supplier(s) of the bean bag toss game and/or game pieces; and (2) the quantity of bean bag toss games and/or game pieces purchased by Defendant from the supplier(s).

**F.** This Court shall retain jurisdiction for the purpose of making any further orders necessary and proper for the construction or modification of this Permanent Injunction Order and Final Judgment, the enforcement thereof, and/or the punishment for any violations thereof.

**G.** This Stipulated Judgment applies to and binds all parties who are in active concert or participation with Defendant as provided in Fed. R. Civ. P. 65(d). Defendant waives any objection under Fed. R. Civ. P. 65.

**H.** This Action is hereby dismissed with prejudice.

DATED this 19th day of September 2022

_____
Tana Lin
United States District Judge